FILED
United States Court of Appeals
Tenth Circuit

**March 27, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAULA JEAN ADUDDELL,

Defendant-Appellant.

No. 07-6084

(D.C. No. CR-06-155-HE)
(W. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant Paula Aduddell was convicted of three criminal counts arising out of

her involvement in a counterfeit check operation: conspiracy to commit access device

fraud, in violation of 18 U.S.C. § 371; aggravated identity theft, in violation of 18 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1028A(a)(1); and possession of stolen mail, in violation of 18 U.S.C. § 1708. Aduddell was sentenced to a term of imprisonment of eighty-four months in connection with those convictions. Following the district court's entry of judgment, Aduddell filed an appeal challenging her aggravated identity theft conviction, and raising two sentencing-related issues. Aduddell did not challenge her convictions for conspiracy to commit access device fraud or possession of stolen mail.

After briefing in this appeal was complete, but prior to oral argument, this court issued its decision in United States v. Tatum, — F.3d —, 2008 WL 554818 (10th Cir. Mar. 3, 2008), holding that counterfeit checks and account numbers printed on counterfeit checks are not "access devices" within the meaning of that term as defined in 18 U.S.C. § 1029(e)(1). The United States has now filed a motion conceding that, in light of Tatum, Aduddell was not properly charged with conspiracy to commit access device fraud or aggravated identity theft. Specifically, the government concedes "that since counterfeit checks are not access devices for purposes of 18 U.S.C. § 1029, Aduddell should not have been charged with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371 and such charge could not be a predicate offense for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1)." Motion for Remand at 2. As a result, the United States seeks a remand of Aduddell's case with directions to the district court to vacate the conspiracy to commit access device fraud and aggravated identity theft convictions. After examining the record on appeal in this case, we agree with the government's assessment of Tatum and its effect on Aduddell's convictions.

We further conclude it is unnecessary to address the two sentencing issues raised by Aduddell on appeal. In the first of those sentencing issues, Aduddell challenges the district court's imposition of a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(4). Notably, however, the district court's application of this enhancement rested, in pertinent part, on a finding that Aduddell's conspiracy "offense involved the receiving and selling of stolen property, to wit: authentic checks and checkbooks." ROA, Vol. 3 at 12. Because Aduddell's conspiracy conviction does not survive Tatum, and because there is no indication in the record that the district court intended to apply the § 2B1.1(b)(4) enhancement on the basis of Aduddell's possession of stolen mail conviction, the issue is now moot. In her second sentencing issue, Aduddell challenges the district court's application of a ten-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(F) based on its finding that the amount of intended loss associated with Aduddell's conspiracy conviction was $147,500. In light of our disposition of Aduddell's conspiracy conviction, this enhancement issue is likewise moot.

We GRANT the government's motion and REMAND this case to the district court with directions to VACATE Aduddell's convictions for conspiracy to commit access device fraud and aggravated identity theft and RESENTENCE her on her remaining conviction for possession of stolen mail.

Entered for the Court

Mary Beck Briscoe
Circuit Judge